# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRACY E. MCCARTHY,**
       **Plaintiff,**

v.                                                  Case No. 17-C-0986

**KURT KEZESKE and KEVIN A. PORTER,**
       **Defendants.**

---

## DECISION AND ORDER

Tracy McCarthy brings this action *pro se* under 42 U.S.C. § 1983 and proceeds against Kurt Kezeske and Kevin Porter, police officers employed by the Village of Lannon, Wisconsin, alleging false arrest in violation of his Fourth Amendment rights. Defendants move for summary judgment. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), but all "uncontroverted statements of material fact" are deemed "admitted," Civil L. R. 56(b)(4) (E.D. Wis.). With these principles in mind, I turn to the underlying facts of this case.

## I. BACKGROUND

In his sworn complaint—which I construe as an affidavit for present purposes, *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996)—McCarthy states that, on January 19, 2016, while attending municipal court, he was arrested "for questions relating to a driving without insurance ticket [he] had received in error." Compl., Docket No. 1, at 3.

Defendants, who were on duty assisting as municipal court bailiffs, say that McCarthy became "agitated" and "aggressive" while discussing his case with an assistant village attorney, they intervened after he "started yelling" and repeatedly

demanded to see a judge, he "became louder and more boisterous" when they asked him "to lower his voice," he objected when Porter told him to leave the building and return another day, and he attempted to re-enter the building after Porter escorted him outside and again told him to leave, so Porter arrested him for disorderly conduct. *See* Koehnke Decl., Docket No. 35, ¶¶ 5–8; Porter Decl., Docket No. 38, ¶¶ 10–14.

In his sworn response to defendants' summary judgment motion—which I also construe as an affidavit on summary judgment, *Ford*, 90 F.3d at 247—McCarthy broadly denies defendants' statements of fact. For example, he denies that he raised his voice when speaking with the village attorney. *See* Pl.'s Resp., Docket No. 42, at 3.

On March 30, 2016, McCarthy was charged with one count of disorderly conduct in violation of Wisconsin Statutes section 947.01(1). The case went to trial on July 11, 2017. After jury selection, opening statements, testimony from Porter and another witness, and a midday recess, the State moved to amend the charge to one count of disorderly conduct in violation of section 13-102(c)(8) of the Waukesha County Code of Ordinances—which adopts section 947.01 but limits the penalty for a violation to a forfeiture. McCarthy pleaded guilty to the amended charge. The court found McCarthy guilty and ordered him to pay a fine of $330.50.

## II. DISCUSSION

I must grant summary judgment on a party's motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if a dispute over it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at

248. A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

To prevail on his claims under § 1983, McCarthy must establish that (1) "defendants were acting under color of state law" and (2) they deprived him "of a right secured by the Constitution or federal law." *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016). Defendants do not dispute that they were acting under color of law when they arrested McCarthy, so I need only consider whether a reasonable jury could find that they violated McCarthy's federal rights.

McCarthy's claims arise under the Fourth Amendment, which protects "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures," including arrests. U.S. Const. amend IV; *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012). In general, "probable cause alone is enough" to render a warrantless "arrest in a public place" reasonable under the Fourth Amendment. *United States v. Patrick*, 842 F.3d 540, 542 (7th Cir. 2016) (citing *United States v. Watson*, 423 U.S. 411 (1976); *Payton v. New York*, 445 U.S. 573 (1980)). Defendants arrested McCarthy in a public place without a warrant. Thus, to show that they deprived him of his right to be free from unreasonable seizures, he must show that they lacked probable cause to arrest him.

A warrantless arrest in a public place is supported by probable cause—and is, therefore, a reasonable seizure—if the "facts and circumstances" known to the arresting officer at the time of the arrest "are sufficient to warrant a prudent person in believing that the suspect has committed an offense." *United States v. Howard*, 883 F.3d 703, 707 (7th Cir. 2018) (quoting *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007)). "To determine whether an officer had probable cause to arrest an individual, [courts]

examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696, (1996)).

The events leading up to McCarthy's arrest, as defendants describe them, would warrant a prudent person in believing that he engaged in disorderly conduct. In Wisconsin, disorderly conduct includes "boisterous [or] unreasonably loud . . . conduct under circumstances in which the conduct tends to cause . . . a disturbance," Wis. Stat. § 947.01(1), as well as "defiance of a police officer's [lawful] order to move," *see Braun v. Baldwin*, 346 F.3d 761, 765 (7th Cir. 2003). Defendants say that they saw and heard McCarthy accost a village attorney in a municipal building in sight or earshot of at least 20 other members of the public and that he refused, when asked, to calm down, lower his voice, or leave and return another day. Such conduct would clearly tend to disturb "the sedate . . . ambiance that courthouses seek," with good reason, "to preserve." *Id.*

Of course, as noted above, on summary judgment, I must consider the evidence in the light most favorable to the *non-moving* party, which is to say, in the light most favorable to *McCarthy*, not defendants. Here, though, McCarthy offers little in response to defendants' evidence apart from quibbles over trivial details, general denials, and conclusory assertions. Even generously construed, the most that I can infer from McCarthy's sworn filings, his only evidence, is that his conduct was not "disorderly" and, thus, that he must have been arrested on a "made up" charge. Pl.'s Resp., *supra*, at 8.

Yet, McCarthy's sworn filings—in which he seems to summarily deny engaging in disorderly conduct—are insufficient to raise a genuine dispute as to whether defendants

4

had probable cause to arrest him because they contradict his guilty plea in state court. A guilty plea is an admission both "that the accused did various acts" and "that he committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989) (citations omitted) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)). McCarthy's guilty plea has not been withdrawn or invalidated, so it stands as an admission that he engaged in disorderly conduct sufficient to justify his arrest and subsequent conviction.

To the extent that McCarthy tries, in his sworn filings in this case, "to backpedal from" or "retract" his guilty plea (or the admissions that necessarily underlie his plea), those filings are entitled to "no weight" on summary judgment. *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995). "Admissions—in a guilty plea, as elsewhere—are admissions; they bind a party . . . ." *Id.* (citation omitted). A guilty plea, in particular, "is an unqualified express admission by [a criminal] defendant" that "may be used against him in a . . . subsequent civil action," like this one. *State v. Black*, 2001 WI 31, ¶ 15, 242 Wis. 2d 126, 139, 624 N.W.2d 363, 369 (quoting *Lee v. Wisconsin State Bd. of Dental Examiners*, 139 N.W.2d 61, 63 (Wis. 1966)).

In sum, McCarthy fails to show that a reasonable jury could find in his favor that defendants lacked probable cause to arrest him, so he cannot prevail at trial on his Fourth Amendment claims against them for false arrest. Thus, there is no genuine dispute as to any material fact in this case and defendants are entitled to judgment as a matter of law. I will grant defendants' motion for summary judgment and direct the Clerk of Court to enter final judgment in their favor accordingly. Judgment moots all other pending motions in this case, so I will deny them as such.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket No. 32) is **GRANTED**. The Clerk of Court shall enter final judgment accordingly.

**IT IS FURTHER ORDERED** that all other pending motions (Docket Nos. 21, 27, 43, 49, 53, 54, and 59) are **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge